IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-6028-CV-SJ-ODS |
| ) | |
| REAL PROPERTY LOCATED AT ) | |
| 6513 RIDGE ROAD, PARKVILLE, ) | |
| MISSOURI, 64152, ALONG WITH ) | |
| ALL ITS BUILDINGS, ) | |
| APPURTENANCES, AND ) | |
| IMPROVEMENTS, et al., ) | |
| ) | |
| Defendant. ) | |

### **RESTRAINING ORDER**

This matter having come before this Court on motion of the United States of America for entry of a protective order pursuant to 18 U.S.C. § 983(j) (Doc. #3), which provides this Court with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest subject to forfeiture to ensure its availability for forfeiture, and IT APPEARING TO THE COURT THAT:

The United States has filed a civil forfeiture complaint with respect to the above-captioned defendant real property, specifically described as the following parcels of real property and investment accounts:

### **Defendant Real Properties**

6513 Ridge Road, Parkville, Missouri, 64152, together with all its buildings, appurtenances, and improvements and is more fully described as: All of Lot 88, THE NATIONAL – FIRST PLAT, Lots 1-89, Tracts A-X, a subdivision of land in Parkville, Platte County, Missouri. Subject to all easements, restrictions and reservations, if any, now of record. The record owner of this defendant real property is Patrick Michael Dingle.

209 2nd Court, Palm Beach Gardens, Florida, 33410, together with all its buildings, appurtenances, and improvements and is more fully described as: Unit 209, Sandalwood Estates, P.U.D., according to the Plat thereof, recorded in Plat Book 32, Page(s) 167, of the Public Records of Palm Beach County, Florida. Parcel ID Number 52-43-42-07-18-000-2090. The record owner of this defendant real property is Patrick Michael Dingle.

6525 E. Cave Creek Road, Unit 15, Cave Creek, Arizona, 85331, together with all its buildings, appurtenances, and improvements and is more fully described as: Unit 15, of HIDDEN ROCK AT CAVE CREEK, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 1212 of Maps, Page 19, and 2nd Amended HIDDEN ROCK AT CAVE CREEK, recorded in Book 1224 of Maps, page 19, and Corrective 2nd Amended subdivision Plat of HIDDEN ROCK AT CAVE CREEK, recorded in Book 1226 of Maps at page 41, of Official Records of Maricopa County, Arizona.

Together with an easement for private ingress or egress access rights, storm water management facilities, utility maintenance access and emergency vehicles over Tract 15, as created in said plat.

The record owner of this defendant real property is Monica Haavig.

**Defendant Investment Accounts and Investments**

MML Investors Services, LLC Account Number ████2585, in the name of Michael P. Dingle. This account is currently held by MML Investor Services.

MML Investor Services, LLC Account Number ████2665, in the name of P Michael Dingle Revocable Trust, P Michael Dingle, Trustee. This account is currently held by MML Investor Services.

Wells Fargo Advisors Account Number ████1125, in the name of Monica L. Haavig.

Wells Fargo Advisors Account Number ████4187, in the name of Monica L. Haavig.

All Funds in Platte Valley Bank Acct. No. ███2022 in the name of Zieson Construction Company, LLC;

All Funds in Platte Valley Bank Acct. No. ████2207 in the name of Zieson Construction Company, LLC.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j) THAT:

A. The Defendant Real Properties are hereby restrained in the manner described below in the section entitled "Prohibited Activities: Defendant Real Properties."

B. The Defendant Investment Accounts and Investments are hereby restrained in the manner described below in the section entitled "Prohibited Activities:

Defendant Investment Accounts and Investments."

## DEFINITIONS

For purposes of this order, the following definitions shall apply:

1. "Potential claimants" refers to the owners of the Defendant Real Properties and the Defendant Investment Accounts and Investments, or any other person or entity who may have an interest in any of those assets, and their successors, assignees, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise.

2. "Defendant Real Properties" refers to the real properties listed in the "Defendant Real Properties" section above.

3. "Defendant Investment Accounts and Investments" include the investment accounts and investment/security interest listed in the "Defendant Investment Accounts and Investment" section above.

## PROHIBITED ACTIVITIES: DEFENDANT REAL PROPERTIES

IT IS THEREFORE ORDERED as to the Defendant Real Properties that potential claimants are enjoined from:

1) Entering into any agreement to sell or otherwise encumber the Defendant Real Properties during the pendency of this forfeiture action.

2) Transferring or disposing of, by any means, the Defendant Real Properties. However, if any part of any of the Defendant Real Properties has been transferred or disposed of by any means, potential claimants shall account to the Court for its disposition. Further, this Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said Property.

3) Selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of, or removal from, the jurisdiction of this Court, any part of or interest in the Defendant Real Properties, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

3

4) Knowingly allowing any illegal activity to occur at the Defendant Real Properties, during the pendency of this civil forfeiture action.

## MAINTAINING THE DEFENDANT REAL PROPERTIES

IT IS FURTHER ORDERED that, during the pendency of this civil forfeiture action, potential claimants are ordered to do the following with respect to the Defendant Real Properties:

1) Potential claimants shall take all reasonable precautions to prevent the destruction or diminution in value of the Defendant Real Properties and any fixtures thereto.

2) Potential claimants shall maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate.

3) Potential claimants shall maintain fire, flood, and hazard insurance on the Defendant Real Properties.

4) Potential claimants shall ensure that all property taxes are paid on time and do not become delinquent.

5) Potential claimants shall continue to make timely mortgage payments to keep the mortgage current.

6) Potential claimants shall neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the Defendant Real Properties, without authority of the Court, for the purpose of impairing or defeating the Court's continuing in rem jurisdiction over the Defendant Real Properties, in violation of 18 U.S.C. § 2232(b).

## MONITORING OF DEFENDANT REAL PROPERTIES

IT IS FURTHER ORDERED that the United States may monitor potential claimants' compliance with this Order by all lawful means available.

## JURISDICTION OVER DEFENDANT REAL PROPERTIES

This Court shall retain jurisdiction of this matter for all purposes. The terms of this order shall remain in full force and effect until judgment is rendered on the civil forfeiture Complaint filed with respect to the Defendant Real Properties, or further order of the Court.

## PROHIBITED ACTIVITIES: DEFENDANT INVESTMENT ACCOUNTS AND INVESTMENTS

IT IS THEREFORE ORDERED as to the Defendant Investment Accounts and Investments that the potential claimants are enjoined from:

1) Alienating, withdrawing, transferring, removing, dissipating or otherwise disposing of, in any manner, any moneys, sums, or investment vehicles of any kind, presently deposited, or held on behalf potential claimants.

3) Selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of, or removal from, the jurisdiction of this Court, any part of or interest in the Defendant Investment Accounts and Investments, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

## MAINTAINING THE DEFENDANT INVESTMENT ACCOUNTS AND INVESTMENTS

IT IS FURTHER ORDERED that, during the pendency of this civil forfeiture action, potential claimants are ordered to do the following with respect to the Defendant Investment Accounts: Potential claimants shall take all reasonable precautions to prevent the destruction or diminution in value of the Defendant Investment Accounts. The Defendant Investment Accounts shall remain invested but shall otherwise be maintained in place at their current locations as described above. The existing investment profile of the Defendant Investment Accounts shall be maintained as is and shall be not changed or altered without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

**MONITORING OF DEFENDANT INVESTMENT ACCOUNTS AND INVESTMENTS**

IT IS FURTHER ORDERED that the United States may monitor potential claimants' compliance with this Order by all lawful means available.

**JURISDICTION OVER DEFENDANT INVESTMENT ACCOUNTS AND INVESTMENTS**

This Court shall retain jurisdiction of this matter for all purposes. The terms of this order shall remain in full force and effect until judgment is rendered on the civil forfeiture complaint filed with respect to the Defendant Investment Accounts and Investments, or further order of the Court.

Furthermore, this Order shall be entered under seal in accordance with the terms of the Order to Seal Documents entered on March 5, 2018.

IT IS SO ORDERED.

DATE: March 6, 2018

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT