IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **United States of America**, <br><br> Plaintiff; <br><br> v. <br><br> **Real property located at 6513 ridge road, parkville, missouri, 64152, along with all its buildings, appurtenances, and improvements; et al.**, <br><br> Defendants. | Case No. 18-6028-CV-SJ-ODS |

**UNITED STATES' UNOPPOSED MOTION TO STAY
CIVIL FORFEITURE ACTION FOR 90 DAYS
WITH SUPPORTING SUGGESTIONS**

Plaintiff, United States of America, through its undersigned counsel, moves the Court for entry of an order staying the proceedings in this action for 90 days, pursuant to Title 18, United States Code, Section 981(g)(1), because civil discovery will adversely affect the United States' ability to conduct a related criminal investigation involving claimants Patrick Michael Dingle and Matthew L. Torgeson ("Claimants").

1

## Supporting Suggestions

The United States alleges in its Complaint in the above-captioned case that the defendant real properties, bank accounts and financial accounts are forfeitable to the United States because they were purchased or funded in whole or in part with proceeds obtained from a scheme to defraud the government by violating program regulations of the Service Disabled Veteran Owned Business, the Veteran Owned Small Business, and Section 8(a) of the Small Business Act. The purchases or funding of the properties involved transactions or attempted transactions in violation of 18 U.S.C. §§ 1956, 1957 and 1960, that is money laundering, and the funds in the accounts and investments or proceeds for the purchases of the properties are traceable to violations of 18 U.S.C. § 1343, that is wire fraud. The United States is conducting a parallel criminal investigation of these alleged violations, and this investigation involves the Claimants. This investigation may lead to a criminal indictment.

Section 981(g)(1) of Title 18 of the United States Code provides that–

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

On or about March 6, 2018, agents with the United States Department of Veteran Affairs, Defense Criminal Investigative Service, Internal Revenue Service, United States General Services Administration, United States Army-Criminal Investigation Division, United States Secret Service and United States Department of Agriculture served search warrants on the businesses of Zieson Construction Company, Simcon Corp., Onsite Construction Group, and the personal residences of Patrick Michael Dingle and Rustin Simon. As of this date, the agents are reviewing voluminous documents obtained during execution of the search warrants. Computer forensic analysts are currently uploading and sorting electronic data collected by computer imaging during execution of the search warrants which includes images collected from two large servers and several laptops. The investigation in the criminal case is ongoing. The United States expects to make a determination whether to file a criminal case in or about 90 days.

On or about March 5, 2018, the United States filed the underlying civil complaint regarding forfeiture of defendant properties. On or about April 17, 2018, Claimant Patrick Michael Dingle filed timely claims as to the following defendant properties:

> 6513 Ridge Road, Parkville, Missouri, 64152, together with all its buildings, appurtenances, and improvements and is more fully described as: All of Lot 88, THE NATIONAL – FIRST PLAT, Lots 1-89, Tracts A-X, a subdivision of land in Parkville, Platte County, Missouri. Subject to all easements, restrictions and reservations, if any, now of record;
>
> 209 2nd Court, Palm Beach Gardens, Florida, 33410, together with all its buildings, appurtenances, and improvements and is more fully described as: Unit 209, Sandalwood Estates, P.U.D.,

3

according to the Plat thereof, recorded in Plat Book 32, Page(s) 167, of the Public Records of Palm Beach County, Florida. Parcel ID Number 52-43-42-07-18-000-2090;

MML Investors Services, LLC Account Number XXXXXX2585 in the name of Michael P. Dingle; and

MML Investor Services, LLC Account Number XXXXXX2665 in the name of P Michael Dingle Revocable Trust, P Michael Dingle, Trustee.

On or about April 17, 2018, Claimant Matthew L. Torgeson, as Trustee for the Matthew L. Torgeson Trust, filed timely claims as to the following defendant properties:

Pershing LLC Account Number XXXXX8721 in the name of Matthew L. Torgeson Trust, UAD 03/15/10, Matthew L Torgeson TTEE, XXXXXXXXXXXX, TOPEKA KS 66606-1937; and

Pershing LLC Account Number XXXXXX2203in the name of Matthew L. Torgeson Trust, XXXXXXXXX, TOPEKA KS 66606-1937.

The United States submits that good cause exists to stay the civil forfeiture proceedings pending outcome of the criminal investigation or criminal charges. The factual basis supporting the criminal prosecution and the factual basis supporting the Government's civil complaint in the instant case stem from the same transactions. Both claimants filed timely claims in the above-captioned civil forfeiture proceeding. The ongoing criminal investigation would be hindered by proceeding with the civil forfeiture proceedings at this juncture in the investigation. Therefore, the United States submits that a 90 day stay in this civil forfeiture action is necessary.

In addition, the defendant real properties are still in the possession of Claimant Patrick Michael Dingle and will remain in his possession until the conclusion of this civil action. Claimant Dingle, therefore, will not be deprived of the use of the properties. Further, the defendant investment accounts will continue to be monitored by third-party investment advisers. The financial accounts held at Pershing to which claimant Torgeson filed a claim remain under a pre-existing "stop-loss" agreement to protect account value should the financial market experience a dramatic decline.

Undersigned counsel has conferred with attorneys for Claimants and they do not oppose a 90-day stay. The United States has agreed with Claimants that answers to the Complaint will not have to be filed until ten days after the stay is lifted.

A stay of a civil case is required under Section 981(g)(1) if the ongoing civil case would adversely affect a pending criminal investigation. *United States v. $144,210.77 in Funds Seized from Suntrust Bank Account XXX-XX-XXXX,* 63 F.Supp.3d 1387, 1390-91 (N.D.Ga. 2014) (court declines to lift stay where federal criminal investigation was ongoing, was based on the same facts as the civil forfeiture, and civil discovery would subject the government's criminal case to earlier and broader discovery). In this case, the civil and criminal cases are based on the same set of facts, the civil complaint references a confidential source whose identity remains confidential and allowing civil discovery in this case would subject the United States' likely criminal case to earlier and broader discovery than required.

## CONCLUSION

For the reasons set forth in this pleading, the United States requests the Court stay this action pending the outcome of the related criminal investigation and possible indictment and further order answers to the above-captioned complaint due within ten days after the stay is lifted.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

Dated: 5/7/2018   By   */s/ Stacey Perkins Rock*
Stacey Perkins Rock, #66141
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-7173
Stacey.Perkins-Rock@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Stacey Perkins Rock*
Stacey Perkins Rock
Assistant United States Attorney