IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **United States of America**, <br><br> Plaintiff; <br><br> v. <br><br> **Real property located at 6513 Ridge Road, Parkville, Missouri, 64152, along with all it buildings, appurtenances, and improvements;** <br><br> **Real property located at 209 2ND Court, Palm Beach Gardens, Florida, 33410, along with all its buildings, appurtenances, and improvements;** <br><br> **Real property located at 6525 East Cave Creek Road, Number 15, Cave Creek, Arizona 85331 along with all its buildings, appurtenances, and improvements;** <br><br> **National Financial Services IRA account number XXXXXX2585, serviced by MML Investor Services;** <br><br> **National Financial Services IRA account number XXXXXX2665, serviced by MML Investor Services;** | Case No. 18-6028-CV-SJ-ODS |

$11,218 and accrued interest in Wells Fargo Advisors account number XXXXX1125;

$69,079 and accrued interest in Wells Fargo Advisors account number XXXXX4187;

Pershing, LLC account number XXXXXX8721;

Pershing, LLC account number XXXXXX2203;

All funds in Platte Valley Bank Acct. No. XXXX2022 in the name of Zieson Construction Company, LLC; and

All funds in Platte Valley Bank Acct. No. XXXX2207 in the name of Zieson Construction Co LLC

Defendants.

## UNITED STATES' SECOND UNOPPOSED MOTION TO STAY CIVIL FORFEITURE ACTION FOR 90 DAYS, WITH SUPPORTING SUGGESTIONS

Plaintiff, United States of America, through its undersigned counsel, moves the Court for entry of an order staying the proceedings in this action for 90 days, pursuant to Title 18, United States Code, Section 981(g)(1),

2

because civil discovery will adversely affect the United States' ability to conduct a related criminal investigation involving claimants Patrick Michael Dingle and Matthew L. Torgeson ("Claimants").

## Supporting Suggestions

The United States alleges in its Complaint that the defendant real properties, bank accounts and financial accounts are forfeitable to the United States because they were purchased or funded in whole or in part with proceeds obtained from a scheme to defraud the government by violating program regulations of the Service Disabled Veteran Owned Business, the Veteran Owned Small Business, and Section 8(a) of the Small Business Act. The purchases or funding of the properties involved transactions or attempted transactions in violation of 18 U.S.C. §§ 1956, 1957 and 1960, that is money laundering, and the funds in the accounts and investments or proceeds for the purchases of the properties are traceable to violations of 18 U.S.C. § 1343, that is wire fraud. The United States is conducting a parallel criminal investigation of these alleged violations, and this investigation involves the Claimants. This investigation may lead to a criminal indictment.

Section 981(g)(1) of Title 18 of the United States Code provides that–

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

On or about March 6, 2018, agents with the United States Department of Veteran Affairs, Defense Criminal Investigative Service, Internal Revenue

3

Service, United States General Services Administration, United States Army-Criminal Investigation Division, United States Secret Service and United States Department of Agriculture served search warrants on the businesses of Zieson Construction Company, Simcon Corp., Onsite Construction Group, and the personal residences of Patrick Michael Dingle and Rustin Simon. As of this date, the agents are reviewing voluminous documents obtained during execution of the search warrants. Computer forensic analysts are currently uploading and sorting electronic data collected by computer imaging during execution of the search warrants which includes images collected from two large servers and several laptops. The investigation in the criminal case is ongoing. The United States expects to make a determination whether to file a criminal case upon completion of its review of these voluminous materials.

On or about March 5, 2018, the United States filed the underlying civil complaint regarding forfeiture of defendant properties listed in the above caption. On or about April 17, 2018, Claimant Patrick Michael Dingle filed timely claims as to the following defendant properties:

> 6513 Ridge Road, Parkville, Missouri, 64152, together with all its buildings, appurtenances, and improvements and is more fully described as: All of Lot 88, THE NATIONAL – FIRST PLAT, Lots 1-89, Tracts A-X, a subdivision of land in Parkville, Platte County, Missouri. Subject to all easements, restrictions and reservations, if any, now of record;

209 2nd Court, Palm Beach Gardens, Florida, 33410, together with all its buildings, appurtenances, and improvements and is more fully described as: Unit 209, Sandalwood Estates, P.U.D., according to the Plat thereof, recorded in Plat Book 32, Page(s) 167, of the Public Records of Palm Beach County, Florida. Parcel ID Number 52-43-42-07-18-000-2090;

MML Investors Services, LLC Account Number XXXXXX2585 in the name of Michael P. Dingle; and

MML Investor Services, LLC Account Number XXXXXX2665 in the name of P Michael Dingle Revocable Trust, P Michael Dingle, Trustee.

On or about April 17, 2018, Claimant Matthew L. Torgeson, as Trustee for the Matthew L. Torgeson Trust, filed timely claims as to the following defendant properties:

Pershing LLC Account Number XXXXX8721 in the name of Matthew L. Torgeson Trust, UAD 03/15/10, Matthew L Torgeson TTEE, XXXXXXXXXXXX, TOPEKA KS 66606-1937; and

Pershing LLC Account Number XXXXXX2203 in the name of Matthew L. Torgeson Trust, XXXXXXXXX, TOPEKA KS 66606-1937.

On or about July 19, 2018, the United States filed a second civil complaint, Case No. 18-6112-CV-SJ-ODS, regarding forfeiture of defendant properties seized on March 6, 2018, to include funds from bank accounts, vehicles, and jewelry. The Complaint also names an additional parcel of real property. This Complaint arises from the same set of operative facts as the first complaint. The United States Attorney's Office has recently sent notice of the filing of this Complaint to known potential claimants, including the existing claimants in the first civil forfeiture action. No claims have been

received to date, but the filing of claims is anticipated. Once claims have been filed the United States intends to request a stay in the second civil case in accord with the schedule of the stay in the first civil case, thereby placing these closely related actions on the same schedule going forward.

The United States submits that good cause exists to stay the civil forfeiture proceedings pending outcome of the criminal investigation or criminal charges. The factual basis supporting any potential criminal prosecution and the factual basis supporting the Government's civil complaint in the instant case stem from the same transactions. The claimants filed timely claims in the above-captioned civil forfeiture proceeding. The ongoing criminal investigation would be hindered by proceeding with the civil forfeiture proceedings at this juncture in the investigation. Therefore, the United States submits that an additional 90-day stay in the civil forfeiture action is necessary. In addition, the defendant real properties are still in the possession of Claimant Patrick Michael Dingle and will remain in his possession until the conclusion of this civil action. Claimant Dingle, therefore, will not be deprived of the use of the properties. Further, the defendant investment accounts will continue to be monitored by third-party investment advisers. The financial accounts held at Pershing to which claimant Torgeson filed a claim remain under a pre-existing "stop-loss" agreement to protect account value should the financial market experience a dramatic decline.

Undersigned counsel has conferred with attorneys for Claimants and they do not oppose a 90-day stay extension. The United States has agreed

6

Case 5:18-cv-06028-ODS   Document 35   Filed 08/02/18   Page 6 of 8

with Claimants that answers to the Complaint will not have to be filed until ten days after the stay is lifted.

A stay of a civil case is required under Section 981(g)(1) if the ongoing civil case would adversely affect a pending criminal investigation. *United States v. $144,210.77 in Funds Seized from Suntrust Bank Account XXX-XX-XXXX,* 63 F.Supp.3d 1387, 1390-91 (N.D.Ga. 2014) (court declines to lift stay where federal criminal investigation was ongoing, was based on the same facts as the civil forfeiture, and civil discovery would subject the government's criminal case to earlier and broader discovery). In this case, the civil cases and the criminal investigation are based on the same set of facts, the civil complaint references a confidential source whose identity remains confidential, and allowing civil discovery in this case would subject the United States' likely criminal case to earlier and broader discovery than required.

## CONCLUSION

For the reasons set forth in this pleading, the United States requests the Court stay this action pending the outcome of the related criminal

investigation and possible indictment and further order answers to the above-captioned complaint due within ten days after the stay is lifted.

>Respectfully submitted,
>
>Timothy A. Garrison
>United States Attorney

Dated:   8/2/2018         By     */s/ Stacey Perkins Rock*
                                                                                        *by James Curt Bohling*
                                                                                        Stacey Perkins Rock, #66141
                                                                                        Assistant United States Attorney
                                                                                       400 E. 9th Street, Fifth Floor
                                                                                       Kansas City, Missouri 64106
                                                                                       Telephone: (816) 426-7173
                                                                                       Stacey.Perkins-Rock@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 2, 2018, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system.

>*/s/ Stacey Perkins Rock*
>*by James Curt Bohling*
>Stacey Perkins Rock
>Assistant United States Attorney